LONDON & LANCASHIRE INSURANCE COMPANY OF AMERICA *et al.* v. W. L. CROMWELL *et al.*

(No. 8477)

Submitted February 23, 1937. Decided March 2, 1937.

*H. W. Bowers,* for appellant.

*Ritchie, Hill & Thomas* and *Blue, Dayton & Campbell,* for appellees.

HATCHER, JUDGE:

On January 1, 1935, W. L. Cromwell assigned to S. A. Fleshman a claim for personal injuries against Callahan's Garage, following which, Cromwell sued and recovered against the Garage a judgment for $5,360.00, which, on September 23, 1935, he also assigned to Fleshman. Between those two dates, executions were issued on several judgments of other persons against Cromwell, and returned no property found. The executions were not docketed. This suit was brought by the Garage and its insurer, to ascertain who is entitled to the proceeds of Cromwell's judgment against it. Fleshman answered that he paid "a new and further valuable consideration" for the assignment of the judgment, but did not state what the consideration was or how paid. The assignment itself was filed with the answer as an exhibit. It recites that Fleshman "has loaned and advanced" Cromwell $4300.00; that some question has arisen as to the validity of the assignment on January 1, 1935, of Cromwell's claim against the Garage; and that "in consideration of the premises" the judgment is now assigned, subject to the lien of Cromwell's attorney. (That lien attached to fifty per cent of the amount recovered.) The trial chancellor sustained demurrers to Fleshman's answer so far as he claimed a preference over Cromwell's judgment creditors; Fleshman refused to amend; a decree was entered giving those creditors preference, and Fleshman appealed.

The judgment creditors of Cromwell rely on Code 38-

4-8, by virtue of which an execution "gives a lien from the date of the delivery thereof to the officer, upon all the property owned by the debtor at the date of such delivery, whether leviable or not, and upon all such property as he may acquire on or before the return day thereof except in certain cases specified in said section." *Birch River Boom & Lumber Co.* v. *Glendon Boom & Lumber Co.*, 71 W. Va. 507, 76 S. E. 972. Fleshman admits that his assignment of Cromwell's claim for damages is valueless, but contends that his assignment of Cromwell's judgment was for a valuable consideration and without actual notice of the lien against Cromwell; that since the liens were not docketed, he is expressly excepted from the above statute by the provisions of 38-4-9 and 10, and is the lawful owner of a moiety of the judgment. *Wiant* v. *Hays,* 38 W. Va. 681, 18 S. E. 807, 23 L. R. A. 82. The assignment of the judgment shows that irrespective of Fleshman's answer the considerations for the assignment were antecedent obligations. The authorities are not entirely harmonious whether under the recording acts the satisfaction of an antecedent obligation is a valuable consideration or not for the assignment of a chose in action, other than a negotiable instrument. The weight of authority and the modern trend seems to the contrary, unless at the time of the assignment, the position of the assignee is so changed that it would be inequitable to deprive him of the property assigned. Pomeroy Eq. Juris. (4th Ed.), sec. 751; Lawrence Eq. Juris., sec. 705; 25 R. C. L., subject Records, sec. 111; 8 C. J., subject Bona Fide Purchaser, p. 1146, *et seq.;* Restatement, Trusts, sec. 304. The earlier decisions of this court are not in accord with the foregoing statement. See *Western Min. & Mfg. Co.* v. *Peytona Co.,* 8 W. Va. 406, 441; *Gilbert Bros. & Co.* v. *Lawrence,* 56 W. Va. 281, 49 S. E. 155. But in *Richlands Brick Corporation* v. *Hurst Hardware Co.,* 80 W. Va. 476, 479, 92 S. E. 685, the majority rule was followed, the court holding: "One who relies for protection upon the doctrine of *bona fide* purchaser must show that at the time of his purchase he paid a valuable consideration and how he paid it." We

approve this holding. Consequently, as against the judgment creditors of Cromwell, his antecedent obligations to Fleshman did not constitute a valuable consideration for the assignment to Fleshman and the latter is not in position to take advantage of the failure of the creditors to docket their liens.

The decree is affirmed.

*Affirmed.*